J. BRUCE ALVERSON, ESQ.
Nevada Bar No. 1339
KARIE N. WILSON, ESQ.
Nevada Bar No. 7957
**ALVERSON TAYLOR & SANDERS**
6605 Grand Montecito Pkwy, Ste. 200
Las Vegas, NV 89149
702-384-7000 Phone
702-385-7000 Fax
Attorneys for Defendants

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| NATASHA K. DOMINGUEZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>LANDSTAR SYSTEM, INC., a foreign corporation; LANDSTAR EXPRESS AMERICA, INC., a foreign corporation; and RANDALL K. INCE, an individual; DOES 1 through 10, inclusive; ROE CORPORATIONS 1 through 10, inclusive,<br><br>Defendants. | CASE NO:<br><br>**DEFENDANTS' NOTICE OF REMOVAL** |

TO: DEBRA KEMPI, Clerk, United States District Court for the District of Nevada

PLEASE TAKE NOTICE that Defendants LANDSTAR EXPRESS AMERICA, INC. and RANDALL K. INCE hereby remove to this Court the state court action entitled "NATASHA K. DOMINGUEZ, Plaintiff v. LANDSTAR SYSTEM, INC.; LANDSTAR EXPRESS AMERICA, INC., RANDALL K. INCE, DOES 1 through 10, inclusive, and ROE CORPORATIONS 1 through 10, inclusive," Case No. a-22-855311-C filed in the Eighth Judicial District Court for Clark County, Nevada. A copy of the Complaint is attached hereto as Exhibit A. The grounds for removal are:

1

KNW 27470

1.    This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 and 28 U.S.C. §§ 1441(a)-(c), in that it is a civil action between Plaintiff, a citizen of Nevada, Defendants who are citizens of diverse residency, none of which reside in Nevada, and the matter in controversy exceeds $75,000.00, exclusive of interest and costs, as set forth below.

2.    Based upon information and belief, Plaintiff NATHASHA DOMINGUEZ is a citizen of the State of Nevada. *See* Complaint ¶ 1.

3.    Defendant RANDALL K. INCE is a resident of Canada.

4.    Defendant LANDSTAR EXPRESS AMERICA, INC. is a corporation incorporated in the State of Delaware, with its principal place of business in Jacksonville, Florida.

5.    The Defendants sued as DOES I through X, inclusive and ROE CORPORATIONS I through X, inclusive, are fictitious parties and not relevant to the determination of subject matter jurisdiction. *See* 28 U.S.C. § 1441(a) (stating "For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded").

6.    Based upon information and belief, the amount in controversy, exclusive of interest and costs, exceeds $75,000.00. Plaintiff NATASHA DOMINGUEZ is alleging to have sustained personal injury and, upon information and belief, claims post-incident medical expenses exceeding $200,000 plus the need for future medical treatment. As set forth in her Complaint, Plaintiff claims special and general damages including, but not limited to, emotional distress, pain and suffering, loss of enjoyment of life, loss of household services, lost wages, lost earning capacity, and medical expenses. *See* Complaint ¶ 20.

. . .

7. Venue is appropriate in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a)-(b) and Local Rule 8-1. This action was originally filed in the Eighth Judicial District for the State of Nevada, Clark County.

8. This notice of removal is timely filed within thirty (30) days after receipt of the paper that makes this case removable as required by 28 U.S.C. § 1446(b), in that it is filed within thirty (30) days after counsel for Defendants accepted service on behalf of Landstar Express America, Inc. and Randall Ince on September 22, 2022. Plaintiff has agreed to the voluntary dismissal of Landstar System, Inc.

9. Pursuant to 28 U.S.C. 1446(d), Defendants have prepared and will file with the Clerk of the Second Judicial District Court a Notice of Removed Action.

Dated this 23rd day of September 2022.

ALVERSON TAYLOR & SANDERS

*[signature]*

J. BRUCE ALVERSON, ESQ.
Nevada Bar No. 1339
KARIE N. WILSON, ESQ.
Nevada Bar No. 7957
6605 Grand Montecito Pkwy, Ste. 200
Las Vegas, NV 89149
702-384-7000 Phone
702-385-7000 Fax
Attorneys for Defendants

KNW 27470

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PKWY STE 200
LAS VEGAS, NV 89149
(702) 384-7000

## CERTIFICATE OF ELECTRONIC SERVICE

I certify that on the 23rd day of September 2022, service of the above and foregoing **DEFENDANTS' NOTICE OF REMOVAL** was made by electronically filing a true and correct copy of the same to each party addressed as follows:

Garg Golden Law Firm
Anthony Golden, Esq.
agolden@garggolden.com
Nevada Bar No. 9563
Adam W. Williams, Esq.
Nevada Bar No. 13617
awilliams@garggolden.com
3145 St. Rose Parkway, Suite 230
Henderson, Nevada 89052
(702) 850-0202
(702) 850-0204 Fax
Counsel for Plaintiff Natasha Dominguez

_____
Employee of ALVERSON TAYLOR & SANDERS

k:\z-client\27470\pleadings\notc removal.doc

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PKWY STE 200
LAS VEGAS, NV 89149
(702) 384-7000

Electronically Filed
7/12/2022 5:16 PM
Steven D. Grierson
CLERK OF THE COURT

CASE NO: A-22-855311-C
Department 29

**COMJD**
GARG GOLDEN LAW FIRM
ANTHONY B. GOLDEN, ESQ.
Nevada Bar No. 9563
ADAM W. WILLIAMS, ESQ.
Nevada Bar No. 13617
3145 St. Rose Parkway, Suite 230
Henderson, Nevada 89052
Tel:  (702) 850-0202
Fax:  (702) 850-0204
Email:  agolden@garggolden.com
Email: awilliams@garggolden.com

Counsel for Plaintiff Natasha K. Dominguez

**EIGHTH JUDICIAL DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| NATASHA K. DOMINGUEZ, an individual, | CASE NO. |
| | DEPT. NO. |
| Plaintiff, | |
| v. | **COMPLAINT AND** |
| | **DEMAND FOR JURY TRIAL** |
| LANDSTAR SYSTEM, INC., a foreign corporation; LANDSTAR EXPRESS AMERICA, INC., a foreign corporation; and RANDALL K. INCE, an individual; DOES 1 through 10, inclusive; ROE CORPORATIONS 1 through 10, inclusive, | |
| Defendants. | |

Plaintiff, NATASHA K. DOMINGUEZ, by and through her counsel of record, ANTHONY B. GOLDEN, ESQ. and ADAM W. WILLIAMS, ESQ. of GARG GOLDEN LAW FIRM, and for her Complaint against Defendants, and each of them alleges follows:

**JURISDICTION, VENUE, AND PARTIES**

1. At all times relevant herein, Plaintiff, NATASHA K. DOMINGUEZ (hereinafter "Plaintiff") is and was a citizen of Nevada and resident of Clark County.

2. Upon information and belief for all times relevant hereto, Defendant, RANDALL K. INCE (hereinafter "Defendant INCE"), is and was a resident of Toronto, Canada.

1 of 9

GARG GOLDEN
LAW FIRM
3145 St. Rose Parkway
Suite 230
Henderson, Nevada 89052
(702) 850-0202

Case Number: A-22-855311-C

3. Upon information and belief for all times relevant hereto, Defendant, LANDSTAR SYSTEM, INC. (hereinafter "Defendant LANDSTAR SYSTEM"), is a foreign corporation, incorporated in Delaware doing business in Clark County, Nevada.

4. Upon information and belief for all times relevant hereto, Defendant, LANDSTAR EXPRESS AMERICA, INC. (hereinafter "Defendant LANDSTAR EXPRESS"), is a foreign corporation incorporated in Delaware, doing business in Clark County, Nevada.

5. Upon information and belief for all time relevant hereto, Defendant INCE was employed by and working in the course and scope of his employment and/or agency with Defendant LANDSTAR SYSTEM and/or Defendant LANDSTAR EXPRESS at all times relevant to the underlying Complaint as stated herein.

6. That the true names and capacities of the Defendants DOES 1 through 10, inclusive, are unknown to Plaintiff, who, therefore, sues said Defendants by said fictitious names. Plaintiff is informed, believes and thereon alleges that each of the Defendants designated as DOES 1 through 10 are owners, operators and/or individuals or agencies otherwise within possession and control of the motor vehicle herein mentioned and/or are individuals otherwise within the flow of traffic as related hereto. Plaintiff is informed, believes and thereon alleges that Defendants ROE BUSINESS ENTITIES 1 through 10, are owners of the motor vehicle herein alleged and/or are in some manner responsible for the actions of its employees and/or assigns of Defendants designated as ROE BUSINESS ENTITIES 1 through 10.  Plaintiff is informed, believes and thereon alleges that each of the Defendants designated as a DOE or a ROE BUSINESS ENTITY is in some manner negligently, vicariously, statutorily, contractually, and/or otherwise responsible for the events and happenings referred to and caused damages proximately to Plaintiff as herein alleged. Plaintiff will ask leave of the Court to amend this Complaint to insert the true names of such Defendants when the same have been ascertained.

7. Defendants, and each of them, are liable and/or vicariously liable to Plaintiff pursuant to NRS 41.130 as stated when any person shall suffer personal injury by wrongful act, neglect or default of another, the person causing the injury is liable to the person injured for damages and where the person causing the injury is employed and/or acting within an agency

GARG GOLDEN
LAW FIRM
3145 St. Rose Parkway
Suite 230
Henderson, Nevada 89052
(702) 850-0202

2 of 9

relationship by another person or corporation responsible for the conduct of the person causing the injury, that other person or corporation so responsible is liable to the person injured for damages.

**GENERAL ALLEGATIONS**

8.  Plaintiff repeats and realleges the allegations contained in Paragraph 1 through 7 as though fully set forth herein.

9.  On or about July 20, 2020, Plaintiff, was driving her 2015 GMC Terrain southbound on Las Vegas Blvd., approaching east Silverado Ranch Blvd. in Las Vegas, Nevada.

10. Upon information and belief and at all times relevant hereto, Defendant LANDSTAR SYSTEM and/or Defendant LANDSTAR EXPRESS, was the owner of a 2007 Freightliner Tractor bearing Indiana license plate 2518214.

11. Upon information and belief and at all times relevant hereto, Defendant INCE was operating the vehicle owned by Defendant LANDSTAR SYSTEM and/or Defendant LANDSTAR EXPRESS, while in the course and scope of his employment and/or agency of Defendant LANDSTAR SYSTEM and/or Defendant LANDSTAR EXPRESS and with the consent, permission, and acquiescence of Defendant LANDSTAR SYSTEM and/or Defendant LANDSTAR EXPRESS.

12. On or about July 20, 2020, Defendant INCE, was operating the vehicle owned by Defendant LANDSTAR SYSTEM and/or Defendant LANDSTAR EXPRESS in a negligent and unsafe manner when he failed to yield to the right of way, making a left turn in front of Plaintiff's vehicle.

13. The front of Defendants' vehicle collided with Plaintiff's vehicle on the front driver side.

14. The impact forcefully jerked Plaintiff.

15. Defendant INCE was deemed at fault by the investigating officer on the scene from Las Vegas Metropolitan Police Department.

16. That at all times relevant hereto, the negligence of Defendant INCE in causing the said motor vehicle collision caused Plaintiff to sustain and suffer personal injuries.

///

GARG GOLDEN
LAW FIRM
3145 St. Rose Parkway
Suite 230
Henderson, Nevada 89052
(702) 850-0202

## FIRST CAUSE OF ACTION

**(Negligence- Defendant Ince)**

17. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 16 as though fully set forth herein.

18. On or about July 20, 2020, Defendant INCE had a duty to operate his vehicle in a safe and reasonable manner and in accordance with the traffic laws of the State of Nevada.

19. Defendant INCE breached this duty when he operated Defendant LANDSTAR SYSTEM and/or Defendant LANDSTAR EXPRESS' vehicle in a negligent, careless, unsafe, and reckless manner, failed to use due care, and failed to yield to the right of way to oncoming traffic when he made a left turn in front of Plaintiff causing the motor vehicle collision.

20. As a direct and proximate result of Defendants' aforesaid actions, Plaintiff incurred special and general damages that may include but are not limited to: emotional distress, pain and suffering, loss of enjoyment of life, loss of household services, lost wages, lost earning capacity, and medical expenses, all to Plaintiff's general and special damages in an amount in excess of fifteen thousand dollars ($15,000.00).

21. Plaintiff has been required to retain legal counsel to enforce her rights and seek recovery of all reasonable attorney's fees and costs incurred in this action.

## SECOND CAUSE OF ACTION

**(Negligence Per Se- Defendant Ince)**

22. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 21, as though fully set forth herein.

23. Defendant INCE had a duty to operate his vehicle in accordance with the traffic laws of the State of Nevada.

24. Defendant INCE violated the law of the State of Nevada by operating his vehicle in a negligent, careless and reckless manner, by failing to yield to the right of way making a left turn in front of Plaintiff in violation of NRS 484B.253, causing the motor vehicle collision which led to the injuries Plaintiff sustained and thus Defendant INCE is negligent per se.

///

GARG GOLDEN
LAW FIRM
3145 St. Rose Parkway
Suite 230
Henderson, Nevada 89052
(702) 850-0202

4 of 9

25. As a direct and proximate result of Defendants' aforesaid actions, Plaintiff incurred special and general damages that may include but are not limited to: emotional distress, pain and suffering, loss of enjoyment of life, loss of household services, lost wages, lost earning capacity, and medical expenses, all to Plaintiff's general and special damages in an amount in excess of fifteen thousand dollars ($15,000.00).

26. Prior to the injuries complained herein, Plaintiff was an able-bodied person readily and gainfully employed and physically capable of engaging in all other activities for which she was otherwise suited.

27. Plaintiff has been required to retain legal counsel to enforce her rights and seek recovery of all reasonable attorney's fees and costs incurred in this action.

## THIRD CAUSE OF ACTION

**(Negligent Hiring, Retention, Training and Supervision- Defendant LANDSTAR SYSTEM and/or Defendant LANDSTAR EXPRESS)**

28. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 27, as though fully set forth herein.

29. Defendant LANDSTAR SYSTEM and/or Defendant LANDSTAR EXPRESS, had a duty to properly hire, train, and supervise its staff, employees and/or agents including Defendant INCE and to ensure that said employees and/or agents conducted their duties while within said scope and/or agency in a sage and reasonable manner.

30. Defendant LANDSTAR SYSTEM and/or Defendant LANDSTAR EXPRESS, or its employees, agents or assigns, breached this duty by negligently, carelessly, and recklessly hiring, maintaining, retaining, supervising, and/or controlling its employees, agents or assigns, thereby causing the subject collision.

31. That as a direct and proximate result of the aforesaid acts and/or inactions of Defendant LANDSTAR SYSTEM and/or Defendant LANDSTAR EXPRESS, or by its employees, agents or assigns, breached the duty of reasonable care owed by Defendants to its customers and to the general public, and in particular to Plaintiff.

///

GARG GOLDEN
LAW FIRM
3145 St. Rose Parkway
Suite 230
Henderson, Nevada 89052
(702) 850-0202

5 of 9

32. As a direct and proximate result of Defendants' aforesaid actions, Plaintiff incurred special and general damages that may include but are not limited to: emotional distress, pain and suffering, loss of enjoyment of life, loss of household services, lost wages, lost earning capacity, and medical expenses, all to Plaintiff's general and special damages in an amount in excess of fifteen thousand dollars ($15,000.00).

33. Prior to the injuries complained herein, Plaintiff was an able-bodied person readily and gainfully employed and physically capable of engaging in all other activities for which she was otherwise suited.

34. Plaintiff has been required to retain legal counsel to enforce her rights and seek recovery of all reasonable attorney's fees and costs incurred in this action.

## FOURTH CAUSE OF ACTION

**(Negligent Entrustment- Defendant LANDSTAR SYSTEM and/or Defendant LANDSTAR EXPRESS)**

35. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 34, as though fully set forth herein.

36. Defendant LANDSTAR SYSTEM and/or Defendant LANDSTAR EXPRESS entrusted said vehicle to Defendant INCE when they allowed him to drive said vehicle.

37. Defendant LANDSTAR SYSTEM and/or Defendant LANDSTAR EXPRESS knew or should have known that Defendant INCE lacked the skill and necessary training in operating a motor vehicle entrusted to him. As such, Defendant LANDSTAR SYSTEM and/or Defendant LANDSTAR EXPRESS knew or should have known of the significant hazards arising from the operation of said motor vehicle on public streets.

38. Defendant LANDSTAR SYSTEM and/or Defendant LANDSTAR EXPRESS knew or should have known that the entrustment of said vehicle to Defendant INCE would inflict damages to person and property using public streets, including Plaintiff.

39. Defendant LANDSTAR SYSTEM and/or Defendant LANDSTAR EXPRESS had a duty to only entrust said vehicle to qualified and competent drivers.

///

GARG GOLDEN
LAW FIRM
3145 St. Rose Parkway
Suite 230
Henderson, Nevada 89052
(702) 850-0202

6 of 9

40. Defendant LANDSTAR SYSTEM and/or Defendant LANDSTAR EXPRESS breached this duty when they entrusted said vehicle to Defendant INCE.

41. As a direct and proximate result of Defendants' aforesaid actions, Plaintiff incurred special and general damages that may include but are not limited to: emotional distress, pain and suffering, loss of enjoyment of life, loss of household services, lost wages, lost earning capacity, and medical expenses, all to Plaintiff's general and special damages in an amount in excess of fifteen thousand dollars ($15,000.00).

42. Prior to the injuries complained herein, Plaintiff was an able-bodied person readily and gainfully employed and physically capable of engaging in all other activities for which she was otherwise suited.

43. Plaintiff has been required to retain legal counsel to enforce her rights and seek recovery of all reasonable attorney's fees and costs incurred in this action.

## FIFTH CAUSE OF ACTION

### (Respondeat Superior- Defendant LANDSTAR SYSTEM and/or Defendant LANDSTAR EXPRESS)

44. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 43 as though fully set forth herein.

45. Defendant LANDSTAR SYSTEM and/or Defendant LANDSTAR EXPRESS entrusted said vehicle to Defendant INCE in order to generate income and profits.

46. Defendant INCE was an employee of Defendant LANDSTAR SYSTEM and/or Defendant LANDSTAR EXPRESS and under the supervision and control of Defendant LANDSTAR SYSTEM and/or Defendant LANDSTAR EXPRESS at the time of the collision described herein.

47. At all times relevant herein, Defendant INCE was acting within the course and scope of his employment with Defendant LANDSTAR SYSTEM and/or Defendant LANDSTAR EXPRESS at the time of the collision described herein.

48. As a direct and proximate result of Defendants' aforesaid actions, Plaintiff incurred special and general damages that may include but are not limited to: emotional distress, pain and

GARG GOLDEN
LAW FIRM
3145 St. Rose Parkway
Suite 230
Henderson, Nevada 89052
(702) 850-0202

7 of 9

suffering, loss of enjoyment of life, loss of household services, lost wages, lost earning capacity, and medical expenses, all to Plaintiff's general and special damages in an amount in excess of fifteen thousand dollars ($15,000.00).

49. Prior to the injuries complained herein, Plaintiff was an able-bodied person readily and gainfully employed and physically capable of engaging in all other activities for which she was otherwise suited.

50. Plaintiff has been required to retain legal counsel to enforce her rights and seek recovery of all reasonable attorney's fees and costs incurred in this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, NATASHA K. DOMINGUEZ respectfully requests that this Court enter judgment for Plaintiff as follows:

1. General damages in an amount in excess of $15,000.00;

2. Special damages for medical and incidental expenses incurred and to be incurred in an amount in excess of $15,000.00;

3. Special damages for lost earnings and earning capacity;

4. Awarding Plaintiff's fees and costs associated with bringing this action, in addition to reasonable attorney's fees as provided by Nevada statutes; and

5. Granting such other and further relief as this Court deems necessary and proper.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

GARG GOLDEN
LAW FIRM
3145 St. Rose Parkway
Suite 230
Henderson, Nevada 89052
(702) 850-0202

8 of 9

**JURY DEMAND**

Plaintiff demands a jury trial on all issues triable by a jury herein.

Dated this 12th day of July 2022.

                                    GARG GOLDEN LAW FIRM

By /s/ _____
ANTHONY B. GOLDEN, ESQ.
Nevada Bar No. 9563
ADAM W. WILLIAMS, ESQ.
Nevada Bar No. 13617
3145 St. Rose Parkway, Suite 230
Henderson, Nevada 89052
(702) 850-0202
Counsel for Plaintiff Natasha K. Dominguez